UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEREMIAH JOHNS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-1064** |
| **DONOVAN FRANCIS, et al.** | **SECTION: "G"** |

### ORDER AND REASONS

Before the Court is Defendants' Donovan Francis, Tony Hernandez, and The Johns Law Firm, LLC's (collectively "Defendants") Motion to Dismiss for Failure to State a Claim.[1] Defendants contend this case should be dismissed because (1) under the first-to-file rule, this case mirrors earlier-filed lawsuits; and (2) the Complaint fails to state a valid cause of action under Federal Rule of Civil Procedure 12(b)(6).[2] In opposition, Plaintiff argues the first-to-file rule does not apply to state court proceedings.[3] For the reasons stated herein, Defendants have not carried their burden of establishing that the first-to-file rule applies here. Accordingly, considering the motion, the opposition, the record, and the applicable law, the Court denies the motion without prejudice and grants Defendants leave to file an appropriate motion addressing the potential applicability of any abstention doctrine, claim preclusion, and/or issue preclusion.[4]

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 9-1 at 2.

[3] Rec. Doc. 15.

[4] While claim or issue preclusion have not been raised here, courts may raise claim preclusion or issue preclusion *sua sponte*. *R J Reynolds Tobacco Co. v. Food & Drug Admin.*, 96 F.4th 863, 875 (5th Cir. 2024). Additionally, "abstention may be raised by the court *sua sponte*." *See Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n. 1 (5th Cir. 1999).

## I. Background

On or about August 16, 2017, Plaintiff Jeremiah Johns registered The Law Office of J. Nathan Johns, LLC with the Louisiana Secretary of State.[5] The entity's name was subsequently changed to The Johns Law Firm, LLC.[6] Thereafter, Defendants Donovan Francis and Tony Hernandez became managing partners at The Johns Law Firm, LLC.[7] The Complaint provides that on August 16, 2017, Plaintiff, Donovan Francis ("Francis"), and Tony Hernandez ("Hernandez") entered into an operating agreement.[8] On December 13, 2017, The Johns Law Firm applied for a loan stating that Plaintiff was 70% owner.[9] The loan application was signed by Plaintiff and Hernandez and authorized by Francis.[10] The Complaint provides that operations between the three members later broke down after Plaintiff learned that Hernandez was allegedly operating an undisclosed out-of-state company.[11] The Complaint alleges that Hernandez deposited fees he generated into an undisclosed business bank account.[12]

On October 29, 2020, Francis and Hernandez registered a new law partnership and Louisiana limited liability company called Brogan Francis Hernandez, LLC, comprised of Francis,

---

[5] Rec. Doc. 1 at 2.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

Hernandez, and Blair Brogan.[13] The Complaint alleges that, on the following day, Francis and Hernandez withdrew $108,000.00 from The Johns Law Firm's bank account, removed Plaintiff as a firm manager, and removed Plaintiff's access to The Johns Law Firm's communications devices.[14] Thereafter, the Complaint alleges that Francis and Hernandez threatened to file a bar complaint against Plaintiff if he emailed clients, directed letters to clients untruthfully stating that Plaintiff withheld settlement offers, hacked Plaintiff's personal accounts and destroyed data, and alleged they possessed nude photographs of Plaintiff's wife.[15]

On or about November 30, 2020, Plaintiff withdrew from The Johns Law Firm.[16] Plaintiff demanded that Francis and Hernandez immediately cease using his name in connection with The Johns Law Firm, and Plaintiff demanded a refund of his membership interest and capital contributions.[17] The Complaint alleges, to date, Defendants have refused to return any portion of Plaintiff's capital contributions or membership interest.[18] The Complaint alleges that Defendants continue to use Plaintiff's name extensively on their law firm's website despite Plaintiff's demands that Defendants cease using his name.[19]

After Plaintiff withdrew from The Johns Law Firm, several clients, including Angela

---

[13] *Id.* at 3.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.* at 3–4.

Pawlik, transferred representation to Plaintiff's new law firm, Johns Law Firm, PLLC.[20] Ms. Pawlik had a life insurance dispute pending in the U.S. District Court for the Southern District of Texas.[21] The Complaint states that Plaintiff represented Ms. Pawlik and resolved her case approximately ten months after Plaintiff withdrew from The Johns Law Firm.[22] Ms. Pawlik received a settlement award in the amount of $850,000, and Defendants attempted to intervene to assert an attorneys' fee claim, which was denied as untimely.[23] Thereafter, Defendants filed a lawsuit against Ms. Pawlik in the United States District Court for the Southern District of Texas seeking to recover a 40% contingency fee from the proceeds of her settlement.[24] Defendants prevailed and obtained a judgment against Ms. Pawlik for $340,000 in contingency fees.[25] The judgment was appealed with the United States Court of Appeals for the Fifth Circuit,[26] and was later affirmed.[27]

The Complaint states that The Johns Law Firm, LLC is no longer a business in good standing in the State of Louisiana.[28] Francis and Hernandez also ended their law partnership

---

[20] *Id.* at 4.

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.* at 5.

[25] *Id.*

[26] *Id.*

[27] Case No. 24-20147.

[28] *Id.*

through Brogan Francis Hernandez, LLC.[29]

On or about October 30, 2020, Plaintiff states that he accessed the operating agreement between Plaintiff, Francis, and Hernandez, which was signed by all parties on August 17, 2017.[30] The Complaint states that the operating agreement contained an unsigned page stating that Plaintiff had a 39.5% equity interest in The Johns Law Firm, even though another document stated Plaintiff had a 70% interest in the firm.[31] The Complaint alleges there were discrepancies in the operating agreement such as the date the document was created, alleged alterations to the document, and missing signatures throughout the document.[32] Plaintiff disagrees with the equity allocations in the saved operating agreement.[33]

Plaintiff alleges that Francis and Hernandez have refused to produce Plaintiff's personal effects, including the original copy of the operating agreement.[34] According to the Operating Agreement, Plaintiff, Hernandez, and Francis were required to make cash contributions of $5,000, $5,000, and $1,000, respectively.[35] Plaintiff contends that he satisfied his capital contribution obligation, but Plaintiff alleges that Francis and Hernandez have not.[36] Plaintiff states that he has made additional capital contributions during the course of The Johns Law Firm's operations,

---

[29] *Id.*

[30] *Id.*

[31] *Id.* at 7.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.* at 8.

[36] *Id.*

implicating potential adjustments of Plaintiff's equity stake.[37] The Complaint alleges that prior to Plaintiff's withdrawal from The Johns Law Firm, Francis and Hernandez took income distributions which exceeded Plaintiff's distributions.[38]

On April 26, 2024, Plaintiff filed a Complaint in this Court asserting the following causes of action: (1) declaratory judgment regarding Plaintiff's equity in The Johns Law Firm, and an order dividing the $340,000 settlement proceeds to an account for Plaintiff's income distributions, Plaintiff's capital account, and damages; (2) breach of contract; (3) bad faith breach of contract; (4) unjust enrichment/quantum meruit; (5) equitable estoppel/detrimental reliance; (6) unfair trade practice act; and (7) interpleader.[39]

## II. Parties' Arguments

### A.   *Defendants' Arguments in Support of the Motion*

Defendants contend this case should be dismissed because (1) under the first-to-file rule, this case mirrors earlier-filed lawsuits; and (2) the Complaint fails to state a valid cause of action under Federal Rule of Civil Procedure 12(b)(6).[40] On November 1, 2020, Defendants state they filed a Petition for Damages for Breach of Fiduciary Duty, Injunctive Relief, Declaratory Judgment, and Money Judgment against Plaintiff in the Civil District Court for the Parish of Orleans.[41] A temporary restraining order was granted enjoining Plaintiff from transferring

---

[37] *Id.*

[38] *Id.*

[39] *Id.* at 12–14.

[40] Rec. Doc. 9-1 at 2.

[41] *Id.*

$60,000.00 of The Johns Law Firm's funds or converting those funds for Plaintiff's personal use, blocking Defendants from accessing The Johns Law Firm, composing any documents that purports to remove either Hernandez or Francis as managers of The Johns Law Firm, and removing any moveable property from The Johns Law Firm's offices.[42]

Defendants state that on December 7, 2020, Plaintiff filed reconventional demands alleging that Defendants breached their fiduciary duties to The Johns Law Firm, that Defendants tortiously interfered with Plaintiff's business relationships, and Plaintiff requested to be paid his membership interest pursuant to the terms of the operating agreement.[43] Defendants state that on December 8, 2020, the day before the hearing on Defendants' temporary restraining order, Plaintiff agreed to turn over control of the domain and restored access to the LLC's web hosting provider.[44] Defendants contend that at Plaintiff's request, the temporary restraining order hearing was continued, and the injunction against Plaintiff was extended indefinitely.[45]

In September 2021, Defendants allege that Plaintiff violated the temporary restraining order by usurping control of The Johns Law Firm's website and redirecting all traffic to Plaintiff's new Texas firm.[46] Thereafter, Defendants obtained a second temporary restraining order against Plaintiff, enjoining him from redirecting traffic from The Johns Law Firm's website, holding himself out as a member of The Johns Law Firm, representing that The Johns Law Firm and

---

[42] *Id.* at 2–3.

[43] *Id.* at 3.

[44] *Id.*

[45] *Id.*

[46] *Id.*

Plaintiff's Texas firm are one in the same, depositing checks written to The Johns Law Firm, engaging with potential clients, and destroying any communications made through The Johns Law Firm website or email system.[47]

Thereafter, Plaintiff filed a Petition for Damages and Request for Preliminary and Permanent Injunction in the Civil District Court of Orleans Parish, which was denied by the court.[48] Defendants contend that the litigation in the Civil District Court for the Parish of Orleans exceeded $75,000, and Plaintiff did not seek to remove the matter to federal court.[49]

On September 10, 2021, The Johns Law Firm moved to intervene to assert a fee lien in the lawsuit of former client, Ms. Pawlik, in the U.S. District Court for the Southern District of Texas.[50] Defendants state that Ms. Pawlik fired The Johns Law Firm and hired Plaintiff through his Texas law firm, Johns Law Firm, PLLC.[51] The court denied The Johns Law Firm's motion to intervene.[52] The Johns Law Firm later retained outside counsel who sued Ms. Pawlik directly.[53] The court ultimately granted summary judgment in favor of The Johns Law Firm and awarded it $340,000 in monetary damages plus interest.[54] The Johns Law Firm also requested attorneys' fees, which

---

[47] *Id.*

[48] *Id.* at 4.

[49] *Id.*

[50] *Id.* at 5.

[51] *Id.*

[52] *Id.*

[53] *Id.*

[54] *Id.*

remains pending.[55]

Ms. Pawlik appealed the judgment to the Fifth Circuit but did not post a bond.[56] In response, The Johns Law Firm filed a Motion for Turnover against Ms. Pawlik requesting that the $340,000 be transferred to The Johns Law Firm's trust account.[57] Defendants contend that Plaintiff has now filed the present action asking to interplead the same funds into this Court and deprive the U.S. District for the Southern District of Texas of the ability to enforce the judgment it rendered.[58] Defendants state that the Motion for Turnover remains pending in the U.S. District for the Southern District of Texas.[59]

On September 22, 2021, Plaintiff and his Texas firm, Johns Law Firm, PLLC, sued Hernandez individually in state court in Harris County, Texas.[60] Defendants state that Plaintiff sought damages for violations of the Harmful Access by Computer Act, intentional infliction of emotional distress, slander, defamation, libel, and defamation per se.[61] Defendants contend the court has dismissed Plaintiff's claims, and Hernandez's counterclaims for abuse of process and damages remain pending.[62]

Defendants assert that the issues raised in this case are mirror images of the issues raised

---

[55] *Id.*

[56] *Id.*

[57] *Id.*

[58] *Id.*

[59] *Id.*

[60] *Id.*

[61] *Id.* at 6.

[62] *Id.*

in multiple previously filed matters.[63] Defendants argue this matter should be dismissed under the First-to-File rule.[64] Defendants aver that the matters in the Civil District Court for the Parish of Orleans and the U.S. District Court for the Southern District of Texas were filed years before the instant matter.[65] Defendants state that the matter before the Civil District Court for the Parish of Orleans is still pending.[66] Defendants contend the U.S. District Court for the Southern District of Texas maintains jurisdiction over this case following the judgment in favor of The Johns Law Firm for the limited purposes of enforcing the judgment and attorneys' fees.[67] Defendants argue Plaintiff filed this lawsuit in an attempt to avoid the ramifications of the litigation in the U.S. District Court for the Southern District of Texas.[68]

Defendants argue the litigation before the Civil District Court for the Parish of Orleans encompassed all disputes regarding the ownership, management, disbursements, funding, and operation agreement.[69] Defendants contend that Plaintiff attempts to relitigate the judgment issued in the U.S. District Court for the Southern District of Texas that awarded Defendants $340,000 against Plaintiff's client.[70] Defendants state that the Complaint before this Court also references

---

[63] *Id.*

[64] *Id.*

[65] *Id.* at 7.

[66] *Id.*

[67] *Id.*

[68] *Id.*

[69] *Id.*

[70] *Id.*

the ongoing litigation in the Civil District Court for the Parish of Orleans.[71] Defendants assert that Plaintiff's claims for declaratory judgment, breach of contract, bad faith breach of contract, quantum meruit, and unfair trade practices related to the operating agreement have already been raised in the Civil District Court for the Parish of Orleans.[72] Defendants argue this case plainly overlaps with these previously-filed cases.[73] Alternatively, Defendants argue this case should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to state claim upon which relief can be granted.[74]

### B.     *Plaintiff's Arguments in Opposition to the Motion*

Plaintiff opposes the motion. First, Plaintiff argues the first-to-file rule does not apply because there is no overlapping federal litigation.[75] Next, Plaintiff argues he does have capacity to sue Defendants.[76] Plaintiff explains that he personally formed a partnership with Hernandez and Francis, and thus, he has the capacity to sue Defendants.[77] Third, Plaintiff argues Hernandez and Francis can be sued in their personal capacity because the Complaint includes claims to resolve ownership interest and capital contribution disputes between the parties.[78]

---

[71] *Id.* at 7–8.

[72] *Id.* at 8.

[73] *Id.*

[74] *Id.* at 9. The Court does not reach these issues at this time.

[75] Rec. Doc. 15 at 5.

[76] *Id.* at 7.

[77] *Id.*

[78] *Id.* at 7–8.

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[79] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[80] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[81] "Factual allegations must be enough to raise a right to relief above the speculative level."[82] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[83]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[84] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[85] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[86] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[79] Fed. R. Civ. P. 12(b)(6).

[80] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[81] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[82] *Twombly*, 550 U.S. at 555.

[83] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[84] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[85] *Iqbal*, 556 U.S. at 678–79.

[86] *Id.* at 679.

statements" will not suffice.[87] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[88] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[89] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[90] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[91]

## IV. Analysis

Defendants argue Plaintiff's claims should be dismissed under the "first-to-file" rule based on previously-filed litigation in the Civil District Court for the Parish of Orleans and the U.S. District Court for the Southern District of Texas.

As between federal courts, under the "prior pending action" rule, or "first-to-file" rule, when two duplicative actions are filed in federal courts of concurrent jurisdiction, the court which first-acquired possession of the subject or action, or first-acquired jurisdiction should try the lawsuit, as a matter of federal judicial comity, since plaintiffs have no right to maintain two actions

---

[87] *Id.* at 678.

[88] *Id.*

[89] *Id.*

[90] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[91] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

on the same subject in the same court, against the same defendant at the same time.[92]

Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.[93] The rule rests on principles of comity and sound judicial administration.[94] "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[95]

### 1. U.S. Southern District of Texas Litigation

In 2022, The Johns Law Firm filed a Complaint in the U.S. District Court for the Southern District of Texas against Angela Pawlik to recover pursuant to a contingency fee agreement.[96] The Johns Law Firm asserted causes of action for breach of contract and quantum meruit.[97] On March 5, 2024, a judge in the U.S. District Court for the Southern District of Texas entered an Order granting summary judgment in favor of The Johns Law Firm as to its breach of contract claim, and rendered final judgment in favor of The Johns Law Firm, awarding it $340,000.00.[98] That decision

---

[92] 1 Cyc. of Federal Proc., § 2:171 Nature and effect of priority by prior filing (2025).

[93] *See Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 950 (5th Cir. 1997); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 728 (5th Cir. 1985).

[94] *See Save Power,* 121 F.3d at 950; *West Gulf,* 751 F.2d at 728.

[95] *West Gulf,* 751 F.2d at 729.

[96] Rec. Doc. 9-4.

[97] *Id.*

[98] Rec. Doc. 9-8.

was later affirmed by the United States Court of Appeals for the Fifth Circuit.[99] Because the Southern District of Texas litigation started prior to the instant matter and the issues are related, Defendants argue the instant matter should be dismissed pursuant to the first-to-file rule.

Here, Plaintiff seeks declaratory judgment regarding Plaintiff's equity in The Johns Law Firm, and an order dividing the $340,000 settlement proceeds to an account for Plaintiff's income distributions, Plaintiff's capital account, and damages.[100] Plaintiff explains this amount represents the judgment Defendants obtained against Ms. Pawlik.[101] While critical issues in the present action appear to overlap or duplicate the issues in the first-filed action in the Southern District of Texas, there has been a final judgment issued in the Southern District of Texas litigation and that judgment was affirmed on appeal. As stated above, under the "first-to-file" rule when related cases are *pending* before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.[102] Because a final judgment was entered in the Southern District of Texas, it does not appear that the "first-to-file" rule is applicable here.[103]

It appears to the Court that Plaintiff is using this litigation to attach or claim proceeds awarded to Defendants from another federal district court's judgment. Plaintiff cites no authority to justify seizing the judgment proceeds from one case and holding the funds hostage in another

---

[99] Case No. 24-20147.

[100] Rec. Doc. 1.

[101] *Id.*

[102] *See Save Power,* 121 F.3d at 950; *West Gulf,* 751 F.2d at 728 (5th Cir. 1985).

[103] *See Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 604 (5th Cir. 1999) ("Courts use [the first-to-file rule] to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court.").

case under the factual circumstances here. Further, claim or issue preclusion may also bar Plaintiff's claims here. "The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion."[104] "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[105] Collateral estoppel or "issue preclusion," recognizes that suits addressed to particular claims may present issues relevant to suits on other claims.[106] This "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."[107]

The $340,000 judgment from the Southern District of Texas litigation has already been awarded to Defendants. If Plaintiff believed he was owed a portion of that money based on some other reason, it seems Plaintiff should have raised the issue with the Southern District of Texas in the prior lawsuit. While claim or issue preclusion has not been raised here, courts may raise claim preclusion or issue preclusion *sua sponte*.[108] Therefore, the instant motion is denied without prejudice, and Defendants are granted leave to file an appropriate motion addressing the potential applicability of claim and/or issue preclusion.

---

[104] *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 570 (5th Cir. 2021).

[105] *Id.*

[106] *Harris v. Washington*, 404 U.S. 55 (1971).

[107] *Id.*

[108] *R J Reynolds Tobacco Co.*, 96 F.4th at 875.

### 2. Civil District Court for the Parish of Orleans Litigation

On November 1, 2020, Defendants state they filed a Petition for Damages for Breach of Fiduciary Duty, Injunctive Relief, Declaratory Judgment, and Money Judgment against Plaintiff in the Civil District Court for the Parish of Orleans. The petition contained allegations regarding alleged conversion of funds and property and ownership and management disputes regarding The Johns Law Firm.[109] Here, Plaintiff similarly seeks declaratory judgment regarding Plaintiff's equity in The Johns Law Firm and breach of contract damages related to the parties' Operating Agreement.[110] Because the Orleans Parish Civil District Court litigation started prior to the instant matter and the issues are related, Defendants argue the instant matter should be dismissed pursuant to the first-to-file rule.

While the present action appears to be related to the issues in the first-filed action in Orleans Parish Civil District Court litigation, the first-to-file rule applies to ongoing litigation in *federal* courts. As stated above, under the first-to-file rule, when related cases are pending before two *federal* courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.[111] Because there is no ongoing federal litigation, the first-to-file rule is not applicable here. As such, the Court rejects Defendants' argument. However, it appears a certain abstention doctrine may apply. "[A]bstention may be raised by the court *sua*

---

[109] Rec. Doc. 9-5.

[110] Rec. Doc. 1.

[111] *See Save Power,* 121 F.3d at 950; *West Gulf,* 751 F.2d at 728.

*sponte.*[112] Therefore, the instant motion is denied without prejudice, and Defendants are granted leave to file an appropriate motion addressing the potential applicability of any abstention doctrine.

### V. Conclusion

For the reasons stated herein, the Court finds that Defendants' arguments regarding the applicability of the first-to-file are not supported here. Further, it appears claim preclusion, issue preclusion, and/or certain abstention doctrine could apply. Therefore, the Court denies the motion without prejudice and grants Defendants leave to file an appropriate motion addressing the potential applicability of any abstention doctrine, claim preclusion, and/or issue preclusion.

**IT IS HEREBY ORDERED** that the Motion to Dismiss[113] is **DENIED WITHOUT PREJUDICE**. Defendants are granted leave to file an appropriate motion addressing the potential applicability of any abstention doctrine, claim preclusion, and/or issue preclusion.

**NEW ORLEANS, LOUISIANA** this   10th   day of March, 2025.

*[signature]*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[112] *See Murphy,* 168 F.3d at 737 n. 1.

[113] Rec. Doc. 9.