UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEREMIAH JOHNS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-1064** |
| **DONOVAN FRANCIS, et al.** | **SECTION: "G"** |

## ORDER AND REASONS

Before the Court is Defendants' Donovan Francis, Tony Hernandez, and The Johns Law Firm, LLC's (collectively "Defendants") Third Motion to Dismiss.[1] Defendants contend this case should be dismissed for lack of subject matter jurisdiction. Defendants argue that pursuant to 28 U.S.C. § 1332, there is a lack of complete diversity since Plaintiff seeks a determination of his equity interest in The Johns Law Firm, LLC ("TJLF"). According to Defendants, because a limited liability company assumes the citizenship of all its members, Plaintiff's claimed ownership interest in TJLF destroys complete diversity. Also before the Court is Plaintiff Jeremiah Johns' ("Plaintiff") Motion to Strike Defendants' Motion to Dismiss.[2] For the reasons stated herein, the Court finds that Plaintiff has met his burden of proving complete diversity of citizenship. Considering the motions, the record, and the applicable law, the Court denies both motions.

## I. Background

On or about August 16, 2017, Plaintiff Jeremiah Johns registered The Law Office of J. Nathan Johns, LLC with the Louisiana Secretary of State.[3] The entity's name was subsequently

---

[1] Rec. Doc. 75.

[2] Rec. Doc. 82.

[3] Rec. Doc. 1 at 2.

changed to The Johns Law Firm, LLC.[4] Thereafter, Defendants Donovan Francis and Tony Hernandez became managing partners at TJLF.[5] The Complaint provides that on August 16, 2017, Plaintiff, Donovan Francis ("Francis"), and Tony Hernandez ("Hernandez") entered into an operating agreement.[6] On December 13, 2017, TJLF applied for a loan stating that Plaintiff was 70% owner.[7] The loan application was signed by Plaintiff and Hernandez and authorized by Francis.[8] The Complaint provides that operations between the three members later broke down after Plaintiff learned that Hernandez was allegedly operating an undisclosed out-of-state company.[9] The Complaint alleges that Hernandez deposited fees he generated into an undisclosed business bank account.[10]

On October 29, 2020, Francis and Hernandez registered a new law partnership and Louisiana limited liability company called Brogan Francis Hernandez, LLC, comprised of Francis, Hernandez, and Blair Brogan.[11] The Complaint alleges that, on the following day, Francis and Hernandez withdrew $108,000.00 from TJLF's bank account, removed Plaintiff as a firm manager, and removed Plaintiff's access to TJLF's communications devices.[12] Thereafter, the Complaint

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at 3.

[12] *Id.*

alleges that Francis and Hernandez threatened to file a bar complaint against Plaintiff if he emailed clients, directed letters to clients untruthfully stating that Plaintiff withheld settlement offers, hacked Plaintiff's personal accounts and destroyed data, and alleged they possessed nude photographs of Plaintiff's wife.[13]

On or about November 30, 2020, Plaintiff withdrew from TJLF.[14] Plaintiff demanded that Francis and Hernandez immediately cease using his name in connection with TJLF, and Plaintiff demanded a refund of his membership interest and capital contributions.[15] The Complaint alleges, to date, Defendants have refused to return any portion of Plaintiff's capital contributions or membership interest.[16] The Complaint alleges that Defendants continue to use Plaintiff's name extensively on their law firm's website despite Plaintiff's demands that Defendants cease using his name.[17]

After Plaintiff withdrew from TJLF, several clients, including Angela Pawlik, transferred representation to Plaintiff's new law firm, Johns Law Firm, PLLC.[18] Ms. Pawlik had a life insurance dispute pending in the U.S. District Court for the Southern District of Texas.[19] The Complaint states that Plaintiff represented Ms. Pawlik and resolved her case approximately ten

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.* at 3–4.

[18] *Id.* at 4.

[19] *Id.*

months after Plaintiff withdrew from TJLF.[20] Ms. Pawlik received a settlement award in the amount of $850,000, and Defendants attempted to intervene to assert an attorneys' fee claim, which was denied as untimely.[21] Thereafter, Defendants filed a lawsuit against Ms. Pawlik in the United States District Court for the Southern District of Texas seeking to recover a 40% contingency fee from the proceeds of her settlement.[22] Defendants prevailed and obtained a judgment against Ms. Pawlik for $340,000 in contingency fees.[23] The judgment was appealed with the United States Court of Appeals for the Fifth Circuit,[24] and was later affirmed.[25] The Complaint states that TJLF is no longer a business in good standing in the State of Louisiana.[26]

On or about October 30, 2020, Plaintiff states that he accessed the operating agreement between Plaintiff, Francis, and Hernandez, which was signed by all parties on August 17, 2017.[27] The Complaint states that the operating agreement contained an unsigned page stating that Plaintiff had a 39.5% equity interest in TJLF, even though another document stated Plaintiff had a 70% interest in the firm.[28] The Complaint alleges there were discrepancies in the operating agreement such as the date the document was created, alleged alterations to the document, and missing

---

[20] *Id.*

[21] *Id.*

[22] *Id.* at 5.

[23] *Id.*

[24] *Id.*

[25] Case No. 24-20147.

[26] *Id.*

[27] *Id.*

[28] *Id.* at 7.

4

signatures throughout the document.[29] Plaintiff disagrees with the equity allocations in the saved operating agreement.[30]

Plaintiff alleges that Francis and Hernandez have refused to produce Plaintiff's personal effects, including the original copy of the operating agreement.[31] According to the Operating Agreement, Plaintiff, Hernandez, and Francis were required to make cash contributions of $5,000, $5,000, and $1,000, respectively.[32] Plaintiff contends that he satisfied his capital contribution obligation, but Plaintiff alleges that Francis and Hernandez have not.[33] Plaintiff states that he has made additional capital contributions during the course of TJLF's operations, implicating potential adjustments of Plaintiff's equity stake.[34] The Complaint alleges that prior to Plaintiff's withdrawal from TJLF, Francis and Hernandez took income distributions which exceeded Plaintiff's distributions.[35]

On April 26, 2024, Plaintiff filed a Complaint in this Court asserting the following causes of action: (1) declaratory judgment regarding Plaintiff's equity in TJLF, and an order dividing the $340,000 settlement proceeds to an account for Plaintiff's income distributions, Plaintiff's capital account, and damages; (2) breach of contract; (3) bad faith breach of contract; (4) unjust enrichment/quantum meruit; (5) equitable estoppel/detrimental reliance; (6) unfair trade practice

---

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.* at 8.

[33] *Id.*

[34] *Id.*

[35] *Id.*

act; and (7) interpleader.[36]

On August 18, 2024, Defendants filed the first Motion to Dismiss, arguing that Plaintiff's claims should be dismissed under the First-to-File rule.[37] On March 10, 2025, the Court denied the motion and granted Defendants leave to file an appropriate motion addressing the potential applicability of any abstention doctrine, claim preclusion, and/or issue preclusion.[38] Thereafter, Defendants filed a second Motion to Dismiss.[39] On January 21, 2026, the Court granted the second motion to dismiss in part and denied it in part.[40] The Court dismissed the LUTPA claims, bad faith breach of contract claims, and interpleader claims.[41]

On February 27, 2026, the parties filed a joint proposed pretrial order, wherein Defendants raised an issue regarding citizenship of TJLF for the first time.[42] On March 2, 2026, the Court ordered that the parties submit additional briefing regarding the citizenship of TJLF at the time the Complaint was filed.[43] On March 3, 2026, Plaintiff filed a memorandum and supporting exhibits indicating that Plaintiff withdrew from TJLF in November 2020, and he is no longer listed as a member of TJLF per the Louisiana Secretary of State's records.[44] On March 3, 2026, Defendants

---

[36] *Id.* at 12–14.

[37] Rec. Doc. 9.

[38] Rec. Doc. 21.

[39] Rec. Doc. 27.

[40] Rec. Doc. 46.

[41] *Id.*

[42] Rec. Doc. 66.

[43] Rec. Doc. 71.

[44] Rec. Doc. 74.

filed the instant Third Motion to Dismiss.[45] On March 4, 2026, Plaintiff filed the Motion to Strike the Third Motion to Dismiss.[46]

## II. Parties' Arguments

### A.   *Defendants' Arguments in Support of the Motion to Dismiss*

Defendants argue that this court lacks subject matter jurisdiction because complete diversity of citizenship does not exist.[47] Defendants contend that Plaintiff's own theory—that he is a member of TJLF entitled to an equity interest—compels the conclusion that TJLF shares Plaintiff's Florida citizenship, which defeats diversity jurisdiction.[48]

Defendants aver that subject matter jurisdiction may be challenged at any time.[49] Defendants contend that the citizenship of a limited liability company is determined by the citizenship of its members.[50] Defendants argue that since Plaintiff is seeking a declaration of his equity percentage in TJLF, a right that belongs only to a member by statute, he necessarily claims a membership interest in TJLF.[51] In turn, Defendants aver that Plaintiff projects his citizenship unto TJLF, destroying complete diversity.[52] Defendants assert that Plaintiff's claims should be

---

[45] Rec. Doc. 75.

[46] Rec. Doc. 82.

[47] Rec. Doc. 75-1 at 1.

[48] *Id.*

[49] *Id.* at 4.

[50] *Id.* at 5.

[51] *Id.* at 7.

[52] *Id.* at 8.

7

dismissed.[53]

### B.   *Plaintiff's Arguments in Support of the Motion to Strike*

Plaintiff requests that the Court strike Defendants' Motion to Dismiss because the motion is procedurally improper, untimely, prejudicial, and is inconsistent with the Court's Scheduling Order.[54] Plaintiff contends that the motion was filed less than two weeks before trial.[55] While Defendants contend that Plaintiff is a member of TJLF, Plaintiff avers that he withdrew from TJLF on November 30, 2020 and the withdrawal was acknowledged by Defendants.[56]

Plaintiff argues that Federal Rule of Civil Procedure 12(g)(2) prohibits successive Rule 12 motions.[57] Because Defendants previously filed two Rule 12(b)(6) motions, Plaintiff argues that the instant motion should be dismissed.[58] Plaintiff contends that permitting this motion would disrupt trial proceedings and prejudice Plaintiff.[59]

## III. Legal Standard

---

[53] *Id.* at 10.

[54] Rec. Doc. 82-1 at 1.

[55] *Id.*

[56] *Id.* at 2.

[57] *Id.*

[58] *Id.* at 3.

[59] *Id.*

"Motions filed under Rule 12(b)(1) allow a defendant to challenge the subject matter jurisdiction of the court to hear a case."[60] A claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to hear a case.[61] Diversity subject matter jurisdiction is set by statute and provides that federal district courts may only hear cases where (1) every plaintiff is diverse from every defendant and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs.[62] Diversity of the parties is analyzed at the time the complaint is filed.[63] Importantly, the party asserting jurisdiction bears the burden of proof on a 12(b)(1) motion to dismiss.[64]

For a federal court to have diversity jurisdiction over a claim 28 U.S.C. § 1332 requires that the amount in controversy "exceed [ ] the sum or value of $75,000, exclusive of interest and costs" in the case of individual claims. Additionally, 28 U.S.C. § 1332 requires complete diversity, mandating that all persons on one side of the controversy be citizens of different states than all persons on the other side.[65] As to limited liability companies, the Fifth Circuit has concluded that, "the citizenship of a LLC is determined by the citizenship of all of its members."[66]

### IV. Analysis

---

[60] *Green v. White*, 2020 WL 5836556 at *2 (W.D. La. Sept. 30, 2020) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

[61] *See Home Builders Assoc., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[62] *See* 28 U.S.C. § 1332.

[63] *See Kirt v. LaFargue*, 2014 WL 4369979 at *3 (W.D. La. Sept. 2, 2014).

[64] *See Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).

[65] *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)).

[66] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Defendants argue Plaintiff's claims should be dismissed for lack of complete diversity under 28 U.S.C. § 1332. According to Defendants, because a limited liability company assumes the citizenship of its members, Plaintiff's claim of an ownership interest destroys complete diversity. Plaintiff seeks to strike Defendant's motion to dismiss as untimely and improper.

As an initial matter, the Court's Scheduling Order provides that "[a]ll non-evidentiary pretrial motions shall be filed and served in sufficient time to permit hearing thereon no later than January 21, 2026."[67] The instant motion was filed on March 3, 2026, after the deadline set out in the Scheduling Order. However, the Rule 12(b)(1) defense of lack of subject matter jurisdiction cannot be waived.[68] Federal courts "'are duty-bound to examine the basis of subject matter jurisdiction' at all stages in the proceedings and dismiss if jurisdiction is lacking."[69] For these reasons, the Court rejects Plaintiff's arguments regarding the timeliness of Defendants' motion.

As it relates to Defendants' arguments regarding lack of subject matter jurisdiction, the Complaint states that Plaintiff is a Florida citizen, the individual defendants Donovan Francis and Tony Hernandez are Louisiana citizens, and The Johns Law Firm LLC is a Louisiana citizen based on the citizenship of its two members, Donovan Francis and Tony Hernandez. The Complaint expressly alleges Plaintiff withdrew from the LLC in 2020—prior to the commencement of this action. Further, Plaintiff provided evidence indicating that he is no longer a member based on records from the Louisiana Secretary of State.[70] In the Complaint, Plaintiff does not allege that he

---

[67] Rec. Doc. 38.

[68] *Reule v. Jackson*, 114 F.4th 360, 365 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1431 (2025).

[69] *Id.* (quoting *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021)).

[70] Rec. Doc. 74-2.

remains a current member of TJLF, rather, he seeks recovery of capital contributions, income allocations, and the market value of his former ownership interest. Since Plaintiff was not a member of TJLF at the time the Complaint was filed, the parties are completely diverse. As stated above, diversity of the parties is analyzed at the time the complaint is filed.[71] Thus, the Court finds that subject matter jurisdiction is proper. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction[72] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike[73] is **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA** this ___6th___ day of March, 2026.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**NANNETTE JOLIVETTE BROWN**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[71] *See Kirt*, 2014 WL 4369979 at *3.

[72] Rec. Doc. 75.

[73] Rec. Doc. 82.