**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JEREMIAH JOHNS**                                                     **CIVIL ACTION**

**VERSUS**                                                                   **NO. 24-1064**

**DONOVAN FRANCIS, et al.**                                   **SECTION: "G"(3)**

**ORDER AND REASONS**

This litigation arises out of a dispute regarding membership allocation of the former law firm, The Johns Law Firm LLC ("TJLF"). Before the Court is Plaintiff Jeremiah Johns' ("Plaintiff") "Motion to Disqualify Counsel."[1] Plaintiff seeks to disqualify defense counsel, Blair Brogan ("Brogan"), because she is both counsel of record and a necessary trial witness. On March 3, 2026, the Court ordered that Brogan file a document into the record attesting that she received informed written consent to represent Defendants in light of being called as a witness at trial.[2] On March 11, 2026, Brogan filed a document into the record indicating that Defendants Donovan Francis ("Francis") and TJLF consented to her representation, but Defendant Tony Hernandez ("Hernandez") did not consent.[3] On March 12, 2026, the Court entered an order vacating its March 3, 2026 Order,[4] and continuing the submission date for Plaintiff's Motion to Disqualify to April 1, 2026, in order to allow the parties an opportunity to respond.[5] Pursuant to Local Rule 7.5, any

---

[1] Rec. Doc. 81.

[2] Rec. Doc. 88.

[3] Rec. Doc. 100.

[4] Rec. Doc. 88.

[5] Rec. Doc. 104.

1

opposition to the motion was to be filed on or before March 24, 2026. To date, no response has been filed to the motion. As such, the motion shall be deemed unopposed. Considering the motion, the record, and the applicable law, the Court denies the motion.

In the motion, Plaintiff contends that Brogan is expected to testify concerning substantive factual matters that go to the core of the claims and defenses in this litigation.[6] Plaintiff avers that Louisiana Rule of Professional Conduct 3.7 expressly prohibits a lawyer from acting as an advocate at trial in which the lawyer is likely to be a necessary witness.[7] Plaintiff explains that Brogan is a former associate at TJLF, and is expected to provide testimony regarding Plaintiff's withdrawal from the firm and work performed on various cases.[8] Plaintiff avers that Brogan is a critical witness, and she cannot serve as both counsel and witness.[9] Plaintiff asserts that allowing Brogan to serve as both counsel and witness will prejudice Plaintiff and cause confusion.[10]

"[M]otions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law."[11] As such, and because disqualification of an attorney is a harsh and disruptive remedy, the party seeking disqualification bears the burden of proving a conflict of interest requiring disqualification.[12] Motions to disqualify

---

[6] Rec. Doc. 81-1 at 1.

[7] *Id.* at 2.

[8] *Id.* at 3–4.

[9] *Id.* at 4.

[10] *Id.*

[11] *In re Am. Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992); *Sumpter v. Hungerford*, No. 12-717, 2013 WL 2181296 at *5 (E.D. La. May 20, 2013).

[12] *United States v. DeCay*, 406 F. Supp. 2d 679, 683 (E.D. La. 2005) (citing *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1316 (5th Cir. 1995)).

in the Fifth Circuit are governed by state and national ethical standards.[13] In determining disqualification, at least four ethical canons are relevant: (1) the Local Rules for the Eastern District of Louisiana ("Local Rules"); (2) the American Bar Association's Model Rules of Professional Conduct ("Model Rules"); (3) the American Bar Association's Model Code of Professional Conduct ("Model Code"); and (4) the Louisiana Rules of Professional Conduct ("Louisiana Rules").[14] However, "[t]he rule of disqualification is not mechanically applied in this circuit."[15] A court "must weigh the relative merits of each of the various competing disqualification rules as [it] proceed[s] through each successive step of [the] analysis."[16] "All the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights."[17]

In considering a motion to disqualify, in addition to the formal rules, the court views the rules in light of the litigant's rights and public interest considering "whether a conflict has (1) the appearance of impropriety in general, or (2) a possibility that a specific impropriety will occur, and (3) the likelihood of public suspicion from the impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case."[18]

The Local Rules "are the most immediate source of guidance for the district court."[19] The

---

[13] *Am. Airlines*, 972 F.2d at 610.

[14] *See Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001).

[15] *Church of Scientology of California v. McLean*, 615 F.2d 691, 693 (5th Cir. 1980).

[16] *U.S. Fire Ins. Co.*, 50 F.3d at 1312.

[17] *Id.* at 1314.

[18] *Horaist*, 255 F.3d at 266.

[19] *U.S. Fire Ins. Co.*, 50 F.3d at 1312.

Eastern District of Louisiana's Local Rules incorporate the Louisiana Rules.[20] Louisiana Rule 3.7

is identical to Rule 3.7 of the Model Rules. Rule 3.7 provides in relevant part:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.[21]

"A necessary witness is one whose testimony is relevant, material, and unobtainable elsewhere."[22]

Rule 3.7 serves two distinct purposes: protecting the client and protecting the integrity of

the court proceeding.[23] A court "'must be especially sensitive to the potential for abuse' when, as

here, the party seeking disqualification is also the one wanting to call the attorney as a witness."[24]

When performing this task, the district court should not apply these rules "inflexibly."[25] "Rather,

the Court must also take into account social interests at stake, including the right of a party to its

counsel of choice and an attorney's right to freely practice her profession."[26] "All of the facts

particular to a case must be considered, in the context of the relevant ethical criteria and with

meticulous deference to the litigant's rights."[27]

As stated above, "[a] necessary witness is one whose testimony is relevant, material, and

---

[20] Local Rule 83.2.3.

[21] La. Rules of Pro. Conduct r. 3.7 (2021); Model Rules of Pro. Conduct r. 3.7 (Am. Bar Ass'n 2020).

[22] *Treece v. Perrier Condo. Owners Ass'n, Inc.*, 559 F. Supp. 3d 530, 536 (E.D. La. 2021).

[23] *U.S. Fire,* 50 F.3d at 1315.

[24] *Lange v. Orleans Levee Dist.,* No. 97-987, 1997 WL 668216, at *3 (E.D. La. Oct. 23, 1997) (quoting *Chapman Engineers, Inc. v. Natural Gas Sales Co.,* 766 F. Supp. 949, 958 (D. Kan. 1991)).

[25] *SAS Overseas Consultants v. Offshore Consultants USA, Ltd.,* No. 97-3449, 1998 WL 676992, at *1 (E.D. La. Sept. 30, 1998).

[26] *Id.* (citing *U.S. Fire,* 50 F.3d at 1314).

[27] *Id.*

unobtainable elsewhere."[28]   Indeed, to determine whether a lawyer is "likely to be a necessary witness" for purposes of Model Rule 3.7, courts in this district have identified three elements that must be established: (1) the lawyer will give evidence material to the determination of the issues being litigated; (2) the evidence cannot be obtained elsewhere; and (3) the testimony of the lawyer is prejudicial or potentially prejudicial to the testifying attorney's client.[29]

Here, Plaintiff asserts that Brogan is a necessary witness because she possesses knowledge of facts underlying the dispute. However, Plaintiff has not demonstrated that Brogan's testimony is unobtainable from other sources. The motion does not identify specific testimony that cannot be elicited from other witnesses, documents, or evidence. Nor does the motion explain why alternative sources of the same information would be insufficient. Plaintiff has not carried his burden of showing that Brogan is a "necessary witness" within the meaning of Rule 3.7. Courts in the Fifth Circuit have denied disqualification where the movant fails to establish that the attorney's testimony is uniquely necessary and unavailable from other sources.[30]

While Brogan did file a notice reflecting that Francis and TJLF consent to her continued representation at trial, the Court notes that "[i]f a lawyer must testify adversely to a client's interests, the client cannot waive conflict. But, if a lawyer discovers during litigation that he 'may be called as a witness other than on behalf of his client, he may continue the representation until it

---

[28] *Treece*, 559 F. Supp. 3d at 536.

[29] *See Douglass v. Valteau*, No. 05-662, 2005 WL 1431510, at *3 (E.D. La. June 9, 2005); *Crutchfield v. Ringler Assoc. New Orleans, Inc.*, No. 01-2720, 2002 WL 726646, at *3 (E.D. La. Apr. 24, 2002); *Michel v. Miller*, No. 97-2419, 1998 WL 42887, at *3 (E. D. La. Jan. 30, 1998).

[30] *See e.g., Horaist,* 255 F.3d at 267; *see also In re Royal Alice Props., LLC,* No. 19-12337, 2020 WL 2373993, at *4 (Bankr. E.D. La. May 11, 2020).

is apparent that his testimony would prejudice his client.'"[31] While such consent does not override the Court's independent obligation to enforce Rule 3.7 where applicable, the absence of a sufficient showing under the Rule that Brogan is a necessary witness makes it unnecessary to reach that issue here.

That said, the Court notes that this ruling is based on the present record. Should it become apparent as trial approaches that Brogan will, in fact, be required to provide material testimony that is unavailable from other sources, or that her testimony is potentially prejudicial to her clients, the Court will revisit this issue as necessary to ensure compliance with Rule 3.7.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify Counsel is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __6th__ day of April, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[31] *Horaist*, 255 F.3d at 266.