**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEREMIAH JOHNS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1064** |
| **DONOVAN FRANCIS, TONY HERNANDEZ, and THE JOHNS LAW FIRM, LLC** | **SECTION "N"** |

## ORDER & REASONS

Before the Court is Plaintiff Jeremiah Johns' Motion For Voluntary Dismissal Without Prejudice.[1] Defendant Tony Hernandez opposes the motion[2], and Johns filed a reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the motion is **GRANTED.**

### I.      Factual and Procedural Background

On April 26, 2024, Plaintiff Jeremiah Johns filed a complaint against Defendants Donovan Francis, Tony Hernandez, Johns Law Firm LLC ("Defendants") alleging claims arising from a breakdown among members of the Johns Law Firm. Remaining in the case are Johns's claims for breach of contract, detrimental reliance, and unjust enrichment. Defendants did not file any counterclaim. On March 12, 2026, a different Section of the Court, prior to transfer to the current Section, ordered that Johns show cause why the claim for unjust enrichment should not be dismissed for failure to state a claim.[4] The Court also ordered Defendants to show cause why their

---

[1] Rec. Doc. 118.
[2] Rec. Doc. 126.
[3] Rec. Doc. 127.
[4] Rec. Doc. 103.

affirmative defenses for breach of contract and breach of fiduciary duty should not be stricken as insufficient defenses.[5]  No party has filed a motion for summary judgment.

On May 19, 2026, Johns filed the present motion for voluntary dismissal.[6] Only Hernandez filed a response opposing the motion.[7]

## II.    Law and Analysis

Under Federal Rule of Civil Procedure 41(a), a plaintiff may dismiss an action only by court order if the opposing party has filed an answer or a motion for summary judgment. Such dismissal "is without prejudice" "[u]nless the order states otherwise."[8] Voluntary dismissals are generally granted unless the nonmovant will suffer "some plain legal prejudice other than the mere prospect of a second lawsuit."[9] Because "[t]he primary purpose of Rule 41(a)(2) is to 'prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions,'" the court examines whether an unconditional dismissal will impose plain legal prejudice to the non-movant.[10] If not, and absent evidence of abuse by the plaintiff, a court generally should grant the motion.[11] "Where, however, the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant

---

[5] Rec. Doc. 103.
[6] Rec. Doc. 118.
[7] Rec. Doc. 126.
[8] Fed. R. Civ. P. 41(a)(2).
[9] *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).
[10] *Id.* (quoting *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).
[11] *Id.*

time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal."[12] Factors relevant to the inquiry are:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.[13]

Hernandez argues that an unconditional dismissal would allow Johns to "evade two imminent adverse developments of his own making."[14] Hernandez also argues that dismissal without prejudice is inappropriate because Johns has named Defendants "in three separate suits and failed to advance any," such that this pattern threatens Defendants with more than "'the mere prospect of a second lawsuit.'"[15] Hernandez asks the court to deny the motion and proceed to resolve the pending *sua sponte* briefings.[16] In the event the Court dismisses without prejudice, Hernandez requests that the Court do so with conditions that cure prejudice, including payment of attorney's fees and costs.[17] Hernandez does not argue that he would lose any defense in a subsequent lawsuit or that he is prejudiced due to any time or expense he has devoted to trial preparation.

---

[12] *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).

[13] *Elbaor*, 279 F.3d at 317 n.3 (quoting *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)).

[14] Rec. Doc. 126 at 5 (The two adverse developments he alleges are (1) a pending merits ruling from Rec. Doc. 103 and (2) Jeremiah Johns's trial proof.).

[15] Rec. Doc. 126 at 6 (quoting *Elboar*, 279 F.3d at 317).

[16] Rec. Doc. 103.

[17] Rec. Doc. 126.

Johns argues that he motioned for dismissal at this stage of litigation because "of Defendants' lack of assets, inactive practice, personal issues, and Plaintiff's own caseload," and his assessment that "there is no benefit to continuing this litigation because a judgment would likely be unrecoverable."[18] Johns contends his claims are meritorious, he has presented evidentiary support for his claims, and that his involvement in other litigation is not reason to oppose dismissal.[19] He further argues that Defendants have been responsible for repeated delays and other complications in the case due to their failure to adhere to the Court's scheduling orders, failure to designate witnesses and exhibits, and decision to proceed pro se on the eve of an earlier trial date.

The Court concurs with Johns that dismissal without prejudice is appropriate under Rule 41(a). Hernandez has not shown, and the Court does not find that Defendants will suffer "some plain legal prejudice other than the mere prospect of a second lawsuit."[20] That there is other litigation involving the parties is not reason enough to grant dismissal with prejudice. Further, the Court's *sua sponte* order for additional briefing to show is not analogous to a motion for summary judgment being filed by a defendant.[21] Finally, the Court finds that Johns' reasons for voluntary dismissal, *i.e.*, that the judgment would not be collectable and the interests of judicial

---

[18] Rec. Doc. 127 at 3.
[19] Rec. Doc. 127.
[20] *Elbaor*, 279 F.2d at 317.
[21] *See id.* at 317-18 n.3 (quoting *Witzman*, 148 F.3d at 992).

economy and efficiency are served by dismissal, are sufficient for the dismissal of this case without prejudice.

### III.   CONCLUSION

**IT IS ORDERED** that the motion[22] of voluntary dismissal without prejudice is **GRANTED**. All claims of Plaintiff Jeremiah Johns against Defendants Donovan Francis, Tony Hernandez, and The Johns Law Firm, LLC are **DISMISSED WITHOUT PREJUDICE**.  Each party will bear its own costs.

New Orleans, Louisiana, this 22nd day of June, 2026.

ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE

---

[22] Rec. Doc. 118.