UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEREMIAH JOHNS | CIVIL ACTION |
| VERSUS | NO. 24-1064 |
| DONOVAN FRANCIS ET AL. | SECTION "N" (3) |

**REPORT AND RECOMMENDATION**

Before the Court is Defendants' Joint Motion for Attorney Fees and Costs Pursuant to Fed. R. Civ. P. 54(d) and La. R.S. 51:1409(A) (R. Doc. 134). Plaintiff opposes the motion. For the following reasons, it is recommended that the motion be denied.

"Upon a finding by the court that an action under [the Louisiana Unfair Trade Practices Act ("LUTPA")] was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs." La. R.S. 51:1409(a). "The court notes that this award is discretionary." *Spillway Invs., L.L.C. v. Pilot Travel Centers, LLC*, No. CIV.A. 04-2451, 2006 WL 2524163, at *1 (E.D. La. Aug. 28, 2006) (citing *Hill Wholesale Distributing Co., Inc. v. Louis W. Howat & Son,* 666 So.2d 1252 (La. App. 2d Cir.1996)). "Moreover, simply because a plaintiff's claim is not successful [] does not necessarily warrant an award of attorneys' fees and costs herein." *Id*.

"LUTPA is, on its face, somewhat vague and quite broad in the sense that it prohibits generally 'unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.'" *Id*. Here, Plaintiff alleged that

Defendants used his name and likeness in the operation of "The Johns Law Firm" without his authorization and refused to pay him relative to his interest in the firm.[1] The District Court never ruled on the substantive merit of those allegations, and Defendants cite no authority that conclusively precludes Plaintiff's LUTPA claim. Although Plaintiff's LUTPA claim was prescribed,[2] that does not render it groundless. *See Hill Wholesale Distrib. Co. v. Louis W. Howat & Son*, 27,936 (La. App. 2 Cir. 1/24/96), 666 So. 2d 1252, 1254 ("The fact that [Plaintiff's demands were rejected does not mean the action was groundless.").

The motion also fails because Defendants have not established that Plaintiff's purpose was to harass them or that he acted in bad faith. Defendants rely primarily on the Court's prior observation that "[i]t appears to the Court that Plaintiff is using this litigation to attach or claim proceeds awarded to Defendants from another federal district court's judgment [in the Southern District of Texas]." *Johns v. Francis*, No. CV 24-1064, 2025 WL 754334, at *6 (E.D. La. Mar. 10, 2025). But in a subsequent opinion, and after further briefing, the Court observed, "Plaintiff is not in privity with either party to the SDTX litigation" and "[w]hile there is some overlap with the claims for breach of contract and quantum meruit, the instant case and the SDTX litigation are not based on the same nucleus of operative facts."[3] Further, the

---

[1] R. Doc. 1, ¶¶ 3, 9.

[2] R. Doc. 46 at 34. As the District Court observed, "There has been much disagreement among Louisiana courts as to how the prescriptive period for LUTPA claims are applied to ongoing violations over a period." *Id.* at 31.

[3] *Id.* at 25–26.

Court's initial remark about the Texas litigation addressed the component of Plaintiff's lawsuit that sought to recover certain proceeds from a separate lawsuit. In the preceding paragraph, the Court acknowledged that a second and separate component of the lawsuit addressed Plaintiff's interest in The Johns Law Firm. *See id.*[4] Plaintiff's LUTPA claim included both the Texas proceeds component and the law firm ownership component.[5] There is no indication that the District Court's observation about one potential purpose of Plaintiff's fee claim was intended as a finding that the entire LUTPA action was brought in bad faith or to harass Defendants.

Finally, and in the alternative, even if Defendants met the criteria to recover fees under LUTPA, it is recommended that the Court decline to exercise its discretion and award those fees given the parties' mutual disregard for the Scheduling Order[6] and failure to promote efficient litigation.[7]

Accordingly,

**IT IS RECOMMENDED** that the Motion (R. Doc. 134) be **DENIED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within

[4] *See* R. Doc. 32 at 1 (Order and Reasons) ("This litigation involves a dispute over equity allocation in a limited liability company and a dispute over attorney's fees.").
[5] See R. Doc. 1, ¶ 60.
[6] *See* R. Doc. 32 at 1 ("[T]he Court notes that neither party has complied with the obligations set out in the Scheduling Order . . . .").
[7] *See, e.g.*, R. Doc. 65 (addressing the parties' failure to file a joint pretrial order).

fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 13th day of August, 2026.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE